IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| ANDREW BLUM and ZAQ HARRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,<br><br>Defendants. | No. 15 Civ. 1636 (GBD) (JCF) |
| RONNI REIBURN, SAMUEL JORGENSON, CELESTE OROZCO, DERRICK CHAMBERS, SCOTT RATAJCZAK, and VANESSA DUCHMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,<br><br>Defendants. | No. 15 Civ. 2960 (GBD) (JCF) |

**ORDER GRANTING PLAINTIFFS'
MOTION FOR APPROVAL OF SETTLEMENT,
SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS**

The above-entitled matters (collectively referred to as the "Litigation") came before the Court on Plaintiffs' Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs ("Approval Motion"). Defendants do not oppose the Approval Motion.

1. *Blum v. Merrill Lynch & Co., Inc.*, No. 15 Civ. 1636 (GBD) and *Reiburn v. Merrill Lynch & Co, Inc.*, No. 15 Civ. 2960 (GBD) are hereby consolidated.

2. Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Approval of the FLSA Settlement, Approval of Service Awards, and Approval of Attorneys' Fees and Reimbursement of Expenses, the Declaration of Justin M. Swartz ("Swartz Decl."), and all other papers submitted in connection with Plaintiffs' Approval Motion, the Court approves the parties' Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Decl. as Exhibit A, and "so orders" all of its terms, which are hereby incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. The Court has carefully reviewed and now approves the Fair Labor Standards Act settlement. The Court finds that the settlement is fair and reasonable, is the product of arm's-length negotiations after contested litigation, and resolves bona fide disputes.

4. The Court approves the Notice of Settlement and Consent to Join and Release Form and the proposed plan for its distribution.

5. The Court finds that the Service Payments for the Plaintiffs in the amount of $10,000 each to each Named Plaintiff (Andrew Blum, Zaq Harrison, Lance Topol, Simone Bryan, Ronni Reiburn, Samuel Jorgenson, Celeste Orozco, Derrick Chambers, Scott Ratajczak, and Vanessa Duchman); $7,500 each to each Declarant (Morgan Cherner, Eze Ejelonu, Jeff Hawkins, John Lezcano, and Vince Zorskas); and $5,000 each to each Opt-In Plaintiff (David Cribb and Simon Siony) to be reasonable compensation for their service to the collective and the risks they took. These amounts shall be paid from the Gross Fund.

6. The attorneys' fees and costs are reasonable. The attorneys who prosecuted this case, at Outten & Golden LLP and Shavitz Law Group, P.A. ("Plaintiffs' Counsel"), are experienced class action employment lawyers with good reputations among the employment law

bar. The fee award they request is justified by the work that Plaintiffs' Counsel performed conducting the litigation, negotiating the settlement, and by the ultimate recovery. It is also justified by the risk that Plaintiffs' Counsel undertook in bringing the claims. The Court has carefully reviewed all submissions and finds that all of the factors set forth in *Goldberger v. Integrated Res., Inc.* have been met. *See* 209 F.3d 43, 50 (2d Cir. 2000). The Court, therefore, grants Plaintiffs' request for attorneys' fees and awards Plaintiffs' Counsel $4,666,666 in attorneys' fees, which is one-third of the settlement fund, plus $80,362.37 in costs and expenses reasonably expended litigating and resolving these lawsuits. These amounts shall be paid from the Gross Fund.

7. The Court approves Epiq Systems, Inc. as the Settlement Claims Administrator and orders that its fees be paid from the Gross Fund.

8. Within 31 days of the entry of this Order, unless there is an appeal, in which case, two days after the final appeal is resolved, the Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order. The Court will retain jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of settlement funds.

9. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this __4__ day of __MAY__, 2016.

MAY 15 2017

_____
Hon. George B. Daniels, United States District Judge